UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAIRO RENATO CASTRO RIVERA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHARKNINJA OPERATING LLC, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 24-11119-BEM |

**MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**MURPHY, J.**

This is a product-liability action. Plaintiff Jairo Renato Castro Rivera has sued Defendant SharkNinja Operating, LLC ("SharkNinja"), alleging that he suffered serious injuries when the blade assembly of a SharkNinja blender detached from the blender's blade base during use. Defendant has now moved for summary judgment on all counts and has separately moved to exclude the proposed expert testimony of Plaintiff's expert. For the reasons set forth below, the Court will grant the motion for summary judgment and deny as moot the motion to exclude the expert testimony.

I.      **Background**

    A.     **Factual Background**

The SharkNinja CO351B blender ("the blender") contains a blade assembly. Dkt. 33 ("SMF") ¶ 1; Dkt. 37 at 2–3 ("RSMF") ¶ 1.[1]  The packing inside the box contains multiple, conspicuous warnings that the pitcher contains a blade assembly with "loose, SHARP blades." SMF ¶ 2; RSMF ¶ 2.

The Owner's Guide of the blender shows and explains that the stacked blade assembly is removable, not locked in place, fits loosely in the drive gear, and is not permanently attached to the pitcher. *See generally* Dkt. 33-3; SMF ¶ 3; RSMF ¶ 3. The first page of the Owner's Guide warns users that "[f]ailure to remove the blade assembly before emptying the container results in a risk of laceration." Dkt. 33-3 at 2; SMF ¶ 4; RSMF ¶ 4. The Owner's Guide further warns that the "Stacked Blade Assembly is sharp and not locked in place. If pouring with the lid removed, carefully remove the Stacked Blade Assembly first, holding it by the shaft. Failure to do so will result in a risk of laceration." Dkt. 33-3 at 9; SMF ¶ 6; RSMF ¶ 6. Plaintiff testified that he skimmed the Owner's Guide. Dkt. 36-2 ("Dep. Tr.") at 66:2–9.

In addition to the warnings contained within the Owner's Guide, the permanent warning on the lid of the pitcher also cautions that the pitcher contains "LOOSE SHARP BLADES" and instructs users to "CAREFULLY REMOVE STACKED BLADE ASSEMBLY BEFORE POURING." SMF ¶ 8; RSMF ¶ 8.

Plaintiff had used an older version of the blender that was "about the same model" "almost every day" over a period of about "14 months." Dep. Tr. 11:15–24, 54:8–55:19; SMF ¶ 9; RSMF

---

[1] Citations to "SMF" and "RSMF" refer, respectively, to Defendant's Statement of Undisputed Material Facts and Plaintiff's Response to Defendant's Statement of Undisputed Material Facts. Plaintiff's Response to Defendant's Statement of Undisputed Material Facts appears on pages 2–3 of Plaintiff's opposition to the summary judgment motion.

¶ 9. Before Plaintiff purchased the blender at issue here, his mother advised him not to buy the unit due to an incident she had experienced with the same type of blender in which "she had turned . . . the [blender] upside down [without the lid on] and the blade came out" and "chipped the floor." Dep. Tr. 49:10–24, 53:7–13; SMF ¶ 11; RSMF ¶ 11. According to Plaintiff, his mother also told him that "if [her] foot was there, . . . it could have cut [her] foot open." Dep. Tr. 49:10–21.

On May 4, 2022, Plaintiff unboxed the subject SharkNinja CO351B system for the first time. Dep. Tr. 70:20–71:3; SMF ¶ 12; RSMF ¶ 12. After unboxing and before use, he rinsed the pitcher and the stacked blade with water and then "dried it a little bit with a hand towel." Dep. Tr. 70:20–71:6; SMF ¶ 12; RSMF ¶ 12. Plaintiff testified that he was aware the stacked blade "wasn't attached to anything when [he] was rinsing" it. Dep. Tr. 79:8–14; SMF ¶ 12; RSMF ¶ 12.

Plaintiff testified that, on the day of his injury, he needed to "hurry up" to make a smoothie before his partner started a morning call. Dep. Tr. 70:12–19; SMF ¶ 13; RSMF ¶ 13. Plaintiff stated that he had to take the lid off because the smoothie he made that day was "too thick" to pour out of the spout of the pitcher. Dep. Tr. 78:9–13; SMF ¶ 15; RSMF ¶ 15. He testified that he "did not remove the stacked blades" before pouring the smoothie. Dep. Tr. 76:15; SMF ¶ 15; RSMF ¶ 15. That is, Plaintiff, in his own words, "did not follow the warning." Dep. Tr. 76:16–19; SMF ¶ 17; RSMF ¶ 17. Predictably and consistent with the warnings that failure to remove the stacked blade assembly when pouring with the lid removed could result in laceration, SMF ¶ 6; RSMF ¶ 6, the blade came out while Plaintiff was pouring his smoothie and injured him, SMF ¶ 16; RSMF ¶ 16. This suit followed.

B.     **Procedural Background**

Plaintiff commenced this action against Defendant on April 26, 2024. Dkt. 1. The complaint asserts five counts: negligent products liability – manufacturing defect (Count I); negligent products liability – design defect (Count II); negligence (Count III); breach of implied

3

warranty of fitness for a particular purpose (Count IV); and breach of implied warranty of merchantability (Count V).

On June 25, 2025, Defendant moved for summary judgment on all counts. Dkt. 31. That same day, Defendant filed a motion under Federal Rule 702 to exclude the proposed expert testimony of Mingxi Zheng. Dkt. 34. The Court heard oral arguments on October 28, 2025, and took the matter under advisement.

## II.  Standard of Review

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'genuine' issue is one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (citation omitted). Courts "must consider the record and the reasonable inferences drawn therefrom in the light most favorable to the nonmovant," but "need not credit 'conclusory allegations, improbable inferences, and unsupported speculation.'" *Dixon-Tribou v. McDonough*, 86 F.4th 453, 458 (1st Cir. 2023) (quoting *Lahens v. AT&T Mobility P.R., Inc.*, 28 F.4th 325, 333 (1st Cir. 2022)). The nonmoving party cannot "rest upon mere allegation or denials," but must instead "present affirmative evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986).

## III.  Choice of Law

"Because this case arises in diversity jurisdiction, we look to federal law for the summary judgment framework and to state law for the substantive rules of decision." *FinSight I LP v.*

4

*Seaver*, 50 F.4th 226, 230 (1st Cir. 2022). "Under Massachusetts choice of law rules, 'tort claims are governed by the law of the state where the alleged injury occurred, unless another state has a more significant relationship to the cause of action.'" *Bergin v. Dartmouth Pharm. Inc.*, 326 F. Supp. 2d 179, 183 (D. Mass. 2004) (quoting *Dunfey v. Roger Williams Univ.*, 824 F. Supp. 18, 21 (D. Mass. 1993)).

Here, the parties appear to agree that the law of Virginia—the state where Plaintiff's injury occurred—governs these claims. Dkt. 32 at 7 ("[I]t is undisputed that Plaintiff's alleged injury occurred in Virginia. Therefore, Virginia law applies." (citation omitted)); Dkt. 37 at 5 n.2 ("Defendant alleges that Virginia substantive law applies to Plaintiff's claims. Plaintiff does not dispute this analysis."). Accordingly, the Court will apply Virginia law. *See Borden v. Paul Revere Life Ins. Co.*, 935 F.2d 370, 375 (1st Cir. 1991) ("Where . . . the parties have agreed about what law governs, a federal court sitting in diversity is free, if it chooses, to forgo independent analysis and accept the parties' agreement.").

IV. <u>Analysis</u>

As noted, Defendant has moved for summary judgment as to all five counts of the complaint. In opposition, Plaintiff conceded that he "is not making any claim for failure-to-warn," Dkt. 37 at 11, and he opposed summary judgment as to only two of the counts, *id.* at 2 n.1 ("Based on the record in the case, Plaintiff concedes Counts I, III, and IV of his Complaint. Therefore, any arguments related to these claims will not be addressed here."). Defendant is entitled to summary judgment as to Counts I, III, and IV for substantially the reasons set forth by Defendant, and the Court addresses only the remaining two counts.

Defendant has moved for summary judgment as to the design-defect claim—"whether based on a theory of negligence [Count II] . . . or implied warranty [Count V]"—because Plaintiff "cannot prove that the challenged design performed below the minimum safety assumptions of

5

ordinary consumers." Dkt. 32 at 4.  Defendant further asserts that "[e]ven if Plaintiff could prove a design defect, which he cannot, neither Plaintiff nor his expert provides the evidence required to establish that a safer alternative design exists, nor could they," and that "Plaintiff has no admissible expert testimony necessary to establish causation." *Id.* at 4–5 (emphases removed).  In addition, Defendant contends that two affirmative defenses apply: *first*, under Virginia law, the purported defect was open and obvious, and *second*, the negligence claims are barred by Plaintiff's contributory negligence.  *Id.* at 5–6.  Because the Court concludes that the purported defect was open and obvious, it need not reach Defendant's other asserted grounds for summary judgment.

"Interpreting Virginia law, the Fourth Circuit has held that a manufacturer is not liable for defective design . . . where the hazard is open and obvious." *Austin v. Clark Equip. Co.*, 821 F. Supp. 1130, 1133 (W.D. Va. 1993) (first citing *Spangler v. Kranco, Inc.*, 481 F.2d 373 (4th Cir. 1973); and then citing *Marshall v. H. K. Ferguson Co.*, 623 F.2d 882 (4th Cir. 1980)), *aff'd*, 48 F.3d 833 (4th Cir. 1995).  "A risk is open and obvious if the person using the product is or should be aware of the risk."  *Austin*, 48 F.3d at 836.  "The question of whether a hazard is obvious is often one of fact."  *Norris v. Excel Indus., Inc.*, 139 F. Supp. 3d 742, 755 (W.D. Va. 2015) (citing *Morgen Indus., Inc. v. Vaughan*, 252 Va. 60, 66 (1996)), *aff'd*, 654 F. App'x 588 (4th Cir. 2016).  However, "summary judgment is appropriate where a 'reasonable jury could reach only one conclusion.'"  *Id.* (quoting *Austin*, 48 F.3d at 836).

Here, the Court concludes that the evidence is such that reasonable minds could not differ as to the conclusion.  As noted, it is undisputed that the packing inside the box contains multiple, conspicuous warnings that the pitcher contains a blade assembly with "loose, SHARP blades," including a warning to consumers that "[i]f pouring with the lid removed, carefully remove the Stacked Blade Assembly first . . . ***Failure to do so will result in a risk of laceration***."  Dkt. 33-3

6

at 9 (emphasis added).  As noted, Plaintiff had used a similar blender with detachable blades almost every day for 14 months prior to his injury, and he had also been expressly warned by his mother of the risk of the blade falling out and causing injury or damage.[2]

In other words, the undisputed evidence establishes that Plaintiff in fact was—or at the very least should have been—aware of the risk of injury from the loose blades when pouring with the lid removed.  Accordingly, the open and obvious nature of the hazard mandates summary judgment as to the remaining claims.  *See Freeman v. Case Corp.*, 118 F.3d 1011, 1014 (4th Cir. 1997) (observing that under Virginia law, a conclusion "that the [product's] asserted defects were open and obvious . . . bars [a plaintiff's] recovery under either a contract or tort theory").

## V.    Conclusion

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. 31) is GRANTED.  Defendant's motion to exclude expert testimony (Dkt. 34) is DENIED as moot.

**So Ordered.**

Dated:  October 31, 2025

/s/ Brian E. Murphy  
Brian E. Murphy  
Judge, United States District Court

---

[2] The Court observes that the evidence of Plaintiff's knowledge of and disregard for a known danger would likely be sufficient to find contributory negligence under Virginia law, thus independently warranting the grant of summary judgment in Defendant's favor.  The Court need not reach that issue, however, as this case can be resolved on the open-and-obvious affirmative defense.